IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-245-H

SED, INC. OF SOUTH CAROLINA )
D/B/A SED GAMING, )
 )
    Plaintiff, )
 )
    v. ) **O R D E R**
 )
SWORDFISH AMUSEMENTS, LLC, )
AND JOHN DOES 1-5, )
 )
    Defendants. )
_____ )

This cause comes before the Court upon Plaintiff's motion to compel. (DE-27). Defendant Swordfish Amusements, LLC ("Swordfish") has responded to this motion (DE-29) and the matter is now ripe for adjudication.

On October 1, 2010, the undersigned entered an order establishing January 31, 2011 as the deadline for conducting discovery. (DE-11). Counsel were also cautioned not to be dilatory in pursuing discovery and that any extensions of time requiring a trial continuance were disfavored. *Id.* at pg. 2. Since the entry of that scheduling order, the parties filed four motions to extend the deadline for conducting discovery. (DE's 14, 16, 22, 25). The most recent request was denied because it failed to state good cause, and also because the requested extension would have lead to a trial continuance. Currently, the deadline for completing discovery is August 29, 2011, and therefore the deadline for conducting discovery has expired. (DE-24). Plaintiff filed the instant motion to compel

on August 26, 2011, just three days before the expiration of the discovery deadline.

Moreover, the Federal Rules of Civil Procedure and the Local Civil Rules of this Court require that all motions to compel be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. F.R.Civ.P. 26(c)(1); Local Civil Rule 7.1(c). Plaintiff has included such a certification. (DE-27, pg. 2). However, a reading of Swordfish's response implies that the efforts to resolve these discovery disputes without court action were cursory at best.

Federal Rule of Civil Procedure 26(b)(1) states in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." F.R.Civ.P. 26(b)(1). In order to be relevant, the information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Plaintiff requests that Swordfish be ordered to supplement its responses to several interrogatories. These interrogatories shall be discussed in turn.

**Interrogatory No. 2**

Plaintiff's Interrogatory No. 2 states: "Identify each person who has knowledge of facts that support or refute the allegations set forth in the Complaint." (DE-27, pg. 2). Swordfish responds that it "has provided the information it has in its possession . . . despite reasonable efforts since Plaintiff's written discovery, Defendant has obtained no further information . . ." (DE-29, pg. 1-2). Accordingly, Swordfish argues that it "cannot

2

provide what it does not have." *Id.* at 2. The undersigned agrees, and this portion of Plaintiff's motion to compel is DENIED.

**Interrogatory No. 5**

Plaintiff's Interrogatory No. 5 states:

> For each video gaming machine owned or operated by You (including video gaming machines operated by You pursuant to written or unwritten leases, contracts, or revenue-sharing arrangements) at any time(s) from January 1, 2007 to the present, identify: (a) the type of video gaming machine; (b) the version number of the software installed and/or operating on the video gaming machine (the "Software"); (c) the author of the Software; (d) the origin of the Software (e.g., installed at time of purchase, purchased from vendor; created by You, etc.); (e) the date that Swordfish placed that machine into operation; and (f) the current status and location of the video gaming machine.

DE-27, pg. 3.

In its response, Swordfish asserts that it has "indentified information with respect to any machines running . . . allegedly improper . . . software at its locations in its supplemental discovery responses . . . Defendant does not have, and cannot recreate, all of the information requested by Plaintiff." (DE-29, pg 2). Based on this response, this portion of Plaintiff's motion to compel is DENIED.

**Interrogatory No. 8**

Plaintiff's Interrogatory No. 8 states:

> For all video gaming machines owned, leased, rented, or otherwise operated by You and operating any version of software that displays the name or title, "POT O GOLD", please identify: (a) the gross revenue generated by such machines for all times from January 1, 2007 to the present; and (b) the gross revenue from the operation of

3

>such video gaming machines received by You pursuant to any lease, contract, or other agreement with any third party(-ies) for all times from January 1, 2007 to the present.

>(DE-27, pg. 4).

The undersigned finds that this request is reasonably calculated to lead to the discovery of admissible evidence. In its response, Swordfish concedes that it has not fully responded to this Interrogatory and that the requested information is in its possession. Based on this response, this portion of Plaintiff's motion to compel is GRANTED. Swordfish is ORDERED to fully respond to Plaintiff's Interrogatory No. 8 no later than September 23, 2011.

## Sanctions

Finally, Plaintiff requests the imposition of sanctions pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. Because the instant motion was only granted in part, that request is DENIED. However, if any further discovery disputes are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37(a)(5).

4

Case 5:10-cv-00245-H   Document 30   Filed 09/15/11   Page 4 of 5

**Conclusion**

Plaintiff's motion to compel (DE-27) is DENIED IN PART AND GRANTED IN PART. Swordfish is ORDERED to fully respond to Plaintiff's Interrogatory No. 8 no later than September 23, 2011. In all other respects, Plaintiff's motion to compel is DENIED. If any further discovery disputes in this matter are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, September 15, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE